```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

OLUFEMI OKUNOREN                                          PLAINTIFF

VS.                              CIVIL ACTION NO. 3:11cv33 TSL-MTP

COMMISSIONER OF INTERNAL REVENUE
SERVICE and UNITED STATES OF AMERICA                     DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant United States of America to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]  Plaintiff Olufemi Okunoren, who is proceeding pro se, has not responded to the motion.  The court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be granted.

On January 20, 2011, plaintiff commenced the present action by filing a "Request for Temporary and Permanent Injunctive Relief" against the Internal Revenue Service (IRS) asserting the following:  That on November 4, 2010, the IRS issued notices of levy alleging plaintiff owed taxes for the years 1992, 2000, 2003 and 2005; that at the time said notices were issued, the IRS was aware that an action was pending in the United States Tax Court

---

[1] The court notes that the IRS may not be sued in its own name and therefore, an action against the Service is deemed to be an action against the United States.  See Freck v. Internal Revenue Serv., 37 F.3d 986, 988 n.1 (3d Cir. 1994).

regarding plaintiff's tax liability for the tax years in question; that in November 2010, subsequent to issuance of these notices, the Tax Court held that the IRS was precluded by the statute of limitations from collecting taxes from plaintiff for the year 1992; and that in willful disregard of the Tax Court's ruling, the IRS, on December 27, 2010, issued a revised notice of levy, and applied money collected through the levy to tax year 1992. Additionally, plaintiff alleged that although the IRS has issued notices of levy indicating he has an outstanding tax liability for tax year 2000, he was not issued a notice of deficiency for 2000 and in fact, has no outstanding tax liability for 2000 since his amended return showed a tax liability of $3,500 for 2000, which should have been fully satisfied through a February 2004 levy in excess of $8,000 that was applied to his 2000 tax liability. Based on these allegations, plaintiff has requested that the court terminate the notices of levy, invalidate the assessment against him for the 2000 tax year since the IRS "failed to give petitioner Notices of Deficiency sufficient to satisfy I.R.C. 6212;" and direct the IRS to apply "any and all monies collected so far through these levies to petitioner's tax liabilities for tax years 2003 and 2005."

The government has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction.[2] Initially, the

---

[2] The court notes that in 2008, plaintiff filed suit in this court to enjoin collection actions the IRS had initiated, recover the funds the IRS had collected, and obtain a money

2

Government acknowledges that between November 22, 2010 and January 10, 2011, the IRS received three levy payments (in the amounts of $1,560, $10,340.77, and $900) which it erroneously applied to plaintiff's disputed tax liability for 1992. However, the Government has presented evidence establishing that it has reversed application of those payments to 1992 and has credited those sums, instead, to plaintiff's 2000 tax liability. Thus, the issues presented in this case relate solely to plaintiff's putative tax liability for the year 2000.

As to tax year 2000, plaintiff contends that his income tax payable for 2000, as shown on his amended return, was only around $3,500, for which the IRS received full satisfaction via a 2004 levy of more than $8,000. He alleges he was never issued a notice of deficiency, as required by 28 U.S.C. § 6212,[3] and that therefore, the court should invalidate the assessment against him for 2000 and terminate the notices of levy reflecting a tax

---

judgment for damages plaintiff alleged the IRS inflicted. As support for the relief sought, plaintiff alleged that he did not owe the income tax liabilities at issue (for the 1991 through 2003 tax years) because the IRS never issued the requisite notices of deficiency. He further alleged that the IRS could not collect the liabilities because it never issued a collection due process notice to plaintiff before it levied his wages. This court dismissed that case for lack of jurisdiction on February 23, 2009. See Okunoren v. United States, Civil Action No. 3:08CV178TSL-JCS, 2009 WL 1395471 (S.D. Miss. May 18, 2009).

[3]   See 26 U.S.C. § 6212(a) ("If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail....").

3

liability for 2000, and should direct the IRS to apply the monies collected through the November levies to his tax liabilities for tax years 2003 and 2005.

The United States has consented to suit for improperly assessed or collected taxes pursuant to 28 U.S.C. § 1346(a)(1), but only if the jurisdictional requirements of 26 U.S.C. § 7422 are met, which include that a plaintiff first pursue an administrative claim for a refund with the IRS before seeking redress in federal district court. See Fletcher v. United States, Civ. Action No. 3:10-CV-2018-K, 2011 WL 1043491, 1 (N.D. Tex. Mar. 22, 2011); 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."); see also 28 U.S.C. § 1346(a)(1) ("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum

4

alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws...."). Plaintiff has not pled any facts tending to suggest that he has filed an administrative claim with the IRS to challenge his federal tax assessment. For this reason, among others, the court is without jurisdiction to hear his claims.

The Government also argues that plaintiff's claim for injunctive and/or declaratory relief, in the form of his demand that the court invalidate the 2000 assessment and collection of taxes for 2000 and direct that monies previously applied to the 2000 tax year instead be credited to his tax liability for 2003 and 2005, is expressly prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

The Declaratory Judgment Act authorizes federal courts to issue declaratory judgments, "except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986. . . ."[4] See Taylor v. United States, 292 Fed. Appx. 383, 388-389, 2008 WL 4218770, 5 (5th Cir. 2008) (explaining that Declaratory Judgment Act bars claims with respect to a dispute over federal taxes) (citing Bob Jones Univ. v. Simon, 416 U.S. 725, 732 n.7, 94 S. Ct. 2038, 40 L. Ed. 2d 496 (1974) (explaining that Congress's enactment of 28 U.S.C. § 2201

---

[4] Section 7428 of the Internal Revenue Code addresses declaratory judgments relating to the status and classification of organizations under 26 U.S.C. § 501(c)(3).

5

evidences its "antipathy for premature interference with the assessment or collection of any federal tax.")). Therefore, this court lacks jurisdiction to grant plaintiff declaratory relief.

The Anti-Injunction Act expressly precludes this court from exercising jurisdiction over any action, such as this one, that seeks to enjoin the assessment or collection of taxes. See 26 U.S.C. § 7421(a). Generally, the Anti-Injunction Act prohibits any suit "for the purpose of restraining the assessment or collection of any tax" to be maintained in any court by any person.[5] The statute sets forth a number of exceptions, only one of which is potentially relevant here. Pursuant to 26 U.S.C. § 6213(a), suits to enjoin the assessment or collection of a deficiency are allowed if the taxpayer has not been mailed a notice of deficiency and afforded the opportunity for review in the Tax Court. See 26 U.S.C. § 6213(a). That exception is not applicable here.

When a tax return is filed, the IRS is required to determine the correct tax. In accordance with 26 U.S.C. §§ 6212 and 6213,

---

[5] See 26 U.S.C. § 7421(a) ("Except as provided in Sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436 [of the Internal Revenue Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."); see also Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7, 82 S. Ct. 1125, 8 L. Ed. 2d 292 (1962)(purpose of Anti-Injunction Act is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sum be determined in a suit for refund").

6

if the IRS determines that the correct tax exceeds the amount shown on a taxpayer's return, it is required to send a notice of deficiency to the taxpayer prior to assessment and collection. See 26 U.S.C. §§ 6212, 6213; see also 26 U.S.C. § 2611(a)(defining "deficiency" to mean the amount of tax imposed less any amount that may have been reported by the taxpayer on his return).  The taxpayer ordinarily has ninety days after mailing of his deficiency notice in which to file a claim with the Tax Court seeking resolution of his tax liability.  See § 2613(a).  See also Okunoren v. U.S., Civ. Action No. 3:08CV178TSL-JCS, 2009 WL 1395471, 1 (S.D. Miss. May 18, 2009) (jurisdiction over taxpayer's challenge to the extent of his alleged tax liability lies in the Tax Court).  As a general rule, until the taxpayer has been sent a notice of deficiency and afforded an opportunity to seek resolution of his tax liability in the Tax Court, the IRS is barred from the assessment or collection of taxes.  See Laing v. United States, 423 U.S. 161, 170, 96 S. Ct. 473, 479, 46 L. Ed. 2d 416 (1976) (recognizing "general rule barring an assessment" until there has been notice of deficiency).  Generally, the Anti-Injunction Act does not bar injunctive relief where the IRS undertakes to assess or collect taxes without first having issued a notice of deficiency.  See § 6213(a); see also Michael I. Saltzman, IRS Practice and Procedure ¶ 10.03 (2009) (explaining that a specific exception to Anti-Injunction Act's flat prohibition of injunction against assessment or collection of tax

7

"occurs where an assessment is made or a proceeding to collect or levy is begun before a notice of deficiency has been sent to a taxpayer....").

On its face, plaintiff's allegation that the IRS failed to issue a notice of deficiency as required by § 6212 might suggest the potential applicability of the § 6213(a) exception. However, since plaintiff's tax liability was self-assessed, no notice of deficiency was required to be issued in plaintiff's case. <u>Russell v. United States</u>, 78 Fed. Cl. 281, 289 n.3 (Fed. Cl. 2007). <u>See</u> <u>Goodall's Estate v. Comm'r. Int. Rev.</u>, 391 F.2d 775, 781-782 (8th Cir. 1968) (holding that IRS is authorized to issue notice of deficiency only if it determines that the correct tax exceeds the amount self-assessed by taxpayer on his return); <u>cf</u>. <u>Laing v. United States</u>, 423 U.S. 161, 184, 96 S. Ct. 473, 485, 46 L. Ed. 2d 416 (1976) (upholding injunction where IRS failed to send a notice of deficiency after making termination assessment); and therefore, the § 6213(a) exception does not apply. Here, plaintiff filed an original return for the tax year 2000 which showed a tax liability of $21,136; the IRS accepted this amount as his tax liability and did not issue a notice of deficiency. According to plaintiff's allegation in his complaint, subsequent to filing his original return, he filed an amended return which showed a tax liability of only around $3,500, an amount significantly less than that shown on the original return. Apparently, plaintiff takes the position that regardless of what his original return showed, the IRS is

8

prohibited from assessing or collecting a greater amount than shown on his amended return without first having issued a notice of deficiency; and presumably, he would thus also contend that since no notice of deficiency was issued, the Anti-Injunction Act does not bar his claim for injunctive relief. Assuming this is plaintiff's position, it is not well founded.

Whether there is a deficiency, so that issuance of a notice of deficiency would be required prior to assessment or collection, is determined by reference to the taxpayer's original return, not to any amended return. See IRS Practice and Procedure ¶ 10.03 (explaining that "an amended return is not the 'return' referred to in the deficiency definition unless the Commissioner chooses in the exercise of his discretion to consider it to be the original return.") (citing Badaracco v. Commissioner, 464 US 386 (1984)). As no notice of deficiency was required to be issued, the § 6213(a) exception to the Anti-Injunction Act does not operate to permit the injunctive relief sought by plaintiff herein.

In addition to the statutory exceptions, the Supreme Court has recognized a narrow exception, which applies where the taxpayer can demonstrate that even "under the most liberal view of the facts and law, the government cannot win," and the taxpayer demonstrates that he "will suffer irreparable injury for which no legal remedy is adequate." Smith v. Rich, 667 F.2d 1228, 1231-32 (5th Cir. 1982). Plaintiff has made no effort to show that the IRS cannot possibly prevail on his claims; and "equitable relief

9

is not available because plaintiff has (or had) an adequate remedy at law.  He could have challenged the allegedly wrongful levy and collection by bringing a timely suit in the tax court under 26 U.S.C. §§ 6212 and 6213; or he could pay the disputed tax and, after filing a claim for refund with the Secretary of the Treasury, may sue for a refund, see 26 U.S.C. § 7422." Okunoren v. U.S., 2009 WL 1395471, at 3.  Since this action does not fit within any exception, the Anti-Injunction Act precludes this court from exercising jurisdiction over this action.

Based on the foregoing, it is ordered that the Government's motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 29th day of April, 2011.

/S/Tom S. Lee
UNITED STATES DISTRICT JUDGE